NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3882
_____

UNITED STATES OF AMERICA

v.

RAMON MARTINEZ-RUIZ,
Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 1-10-cr-00721-001)
District Judge: Honorable Robert B. Kugler
_____

Submitted Under Third Circuit LAR 34.1(a)
January 17, 2014
_____

Before: AMBRO, HARDIMAN, AND GREENAWAY, JR., *Circuit Judges*.

(Filed: January 17, 2014)
_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

Following a jury trial, appellant Ramon Martinez-Ruiz ("Martinez-Ruiz") was

convicted, pursuant to 21 U.S.C. §§ 841 and 846 and 18 U.S.C. § 2, of attempt to

distribute and possess with intent to distribute five kilograms or more of cocaine, conspiracy to possess with the intent to distribute five kilograms or more of cocaine, and aiding and abetting the attempt to distribute and possess with the intent to distribute five kilograms or more of cocaine. After obtaining new counsel following trial, Martinez-Ruiz filed a motion seeking two forms of relief: a judgment of acquittal, pursuant to Fed. R. Crim. P. 29, and a new trial, pursuant to Fed. R. Crim. P. 33. The District Court denied both parts of the motion. Martinez-Ruiz now seeks review of the District Court's decision. For the reasons set forth below, we will affirm the District Court's judgment.

## I. Background

As we write primarily for the benefit of the parties, we recite only the essential facts.

On July 28, 2009, Martinez-Ruiz, along with three other individuals, was arrested at an Econo Lodge in Elizabeth, N.J., during a controlled drug buy. A fifth person, Emilio Ramos, was involved in the scheme but was not present at the motel. Ruben Sepulveda, one of Martinez-Ruiz's co-defendants, pleaded guilty and agreed to cooperate with the government. As part of his cooperation, Sepulveda testified at Martinez-Ruiz's trial, describing not only the events of July 28, 2009, but also the details of his long-standing relationship with Martinez-Ruiz, including their friendship and past drug deals. As to the present deal, Sepulveda explained that he had asked Martinez-Ruiz to drive him from Camden, New Jersey, to Elizabeth, New Jersey, in order to pick up the

2

drugs from the courier.  In addition to Sepulveda's testimony, several law enforcement agents testified about the investigation into the incident, the arrests of the co-defendants, and typical conduct of drug transactions.

## II.  Jurisdiction and Standard of Review

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  This Court has jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

"We exercise plenary review over [a defendant's] sufficiency-of-the-evidence claim.  'In exercising that review, we must interpret the evidence in the light most favorable to the government as the verdict winner[.]'"  *United States v. Miller*, 527 F.3d 54, 60 (3d Cir. 2008) (quoting *United States v. Taftsiou*, 144 F.3d 287, 290 (3d Cir. 1998)).

On the other hand, "[a] determination of whether it should grant a new trial is left to the discretion of a district court.  Accordingly, we normally review a district court's determination of a new trial motion under the deferential 'abuse of discretion' standard." *United States v. Quiles*, 618 F.3d 383, 390 (3d Cir. 2010) (internal citations omitted).

## III.  Analysis

Earlier this year in *United States v. Caraballo-Rodriguez*, "we [took the] opportunity to clarify the appropriate standard to apply in reviewing a sufficiency of the evidence challenge in drug conspiracy cases."  726 F.3d 418, 431 (3d Cir. 2013).  We concluded that "the jury's verdict must be assessed from the perspective of a reasonable

3

juror, and the verdict must be upheld as long as it does not 'fall below the threshold of bare rationality.'" *Id.* (quoting *Coleman v. Johnson*, 132 S.Ct. 2060, 2065 (2012)). Additionally, in order "[t]o prove a conspiracy, the government must show: (1) a shared unity of purpose; (2) an intent to achieve a common illegal goal; and (3) an agreement to work toward that goal." *Id.* at 425. "[K]nowledge can be demonstrated by actual knowledge or willful blindness." *Id.* (internal quotation marks omitted).

Martinez-Ruiz raises two arguments in his challenge to the District Court's decision. First, he argues "the Jurors could not have made a finding as to the type of narcotic Mr. Martinez-Ruiz was involved in" since the government's efforts to "elicit specific knowledge of cocaine attributable to Mr. Martinez-Ruiz" were unsuccessful. (Appellant's Br. 14.) As we have frequently noted, in order to be convicted of a conspiracy, a defendant need only have knowledge of the fact the conspiracy involved narcotics, not the particular drug. *Caraballo-Rodriguez,* 726 F.3d at 432 ("[A] jury could rationally conclude that the defendant knew the subject of the conspiracy was drugs.").

Second, Martinez-Ruiz argues there was insufficient evidence from which the jury could find he possessed any knowledge of the purpose of the conspiracy since "the prior instances where Mr. Martinez-Ruiz allegedly helped Mr. Sepulveda traffic narcotics were factually different from the circumstances in this case." (Appellant's Br. 17.) While this statement is true, it ignores the direct evidence of Martinez-Ruiz's knowledge. That evidence included, but was not limited to, testimony from a co-conspirator that: (1)

4

Martinez-Ruiz was in Sepulveda's apartment, only a few feet away from where Sepulveda and Ramos, another member of the conspiracy, were discussing the details of the transaction; (2) the deal between Sepulveda and Martinez-Ruiz was that, in exchange for $500 per kilogram, Martinez-Ruiz would drive Sepulveda to Newark for the pickup, keep the drugs for a day or two, and then deliver the drugs for Sepulveda; and (3) Sepulveda had explained to Martinez-Ruiz the reason he needed Martinez-Ruiz to store the drugs for him for a few days was due to the pre-existing quantity of drugs already in Sepulveda's apartment.

Faced with this testimony, we find there is sufficient evidence to support the jury's verdict. We cannot say the jury's guilty verdict fell "below the threshold of bare rationality." Thus, the District Court correctly denied the motion seeking a judgment of acquittal.

Additionally, given the extent of the evidence in the record, we cannot find the District Court abused its discretion in denying the motion for a new trial. As the District Court explained, "there was sufficient evidence that [Martinez-Ruiz] knew this could be a drug deal[:] . . . sufficient direct evidence in addition to the inferences that can be raised." (App. 576.) We agree with this observation.

## IV.  Conclusion

We conclude that sufficient evidence exists to support the jury's verdict. We also find the District Court did not abuse its discretion in denying the motion for a new trial.

For these reasons, we will affirm the District Court's decision.